IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:09-CR-22-KS-MTP

RODERICK R. EDWARDS

## ORDER

On December 9, 2009, Defendant Roderick Edwards pleaded guilty to possession of more than 50 grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On May 19, 2010, the Court sentenced him to 36 months of imprisonment followed by 5 years of supervised release. Defendant served his term of imprisonment, but on June 19, 2014, the Court revoked his supervised release and sentenced him to 60 months of imprisonment. The revocation was because Defendant pleaded guilty to conspiracy to possess 5 kilograms or more of cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. § 846, in a separate case, *United States v. Edwards*, No. 2:14-CR-5-KS-MTP. In that case, the Court sentenced Defendant to 178 months of imprisonment to be served consecutively with the revocation sentence in this case, followed by 7 years of supervised release. Therefore, Defendant is not due to be released from prison until February 2031.

On February 24, 2021, Defendant filed a Motion for Compassionate Release in Case No. 2:14-CR-5-KS-MTP, and the Court denied it on April 14, 2021. Order, *United States v. Edwards*, No. 2:14-CR-5-KS-MTP (S.D. Miss. Apr. 14, 2021), ECF

No. 170. Defendant then filed a Motion for Compassionate Release [40] in this case, pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that there are extraordinary and compelling reasons to release him from prison – despite the fact that he is no longer serving a sentence from this case.[1]

Section 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a) provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing

---

[1] To ensure that the record is clear in both cases, the Court will file a copy of this Order in the newer case for which Defendant is currently serving a sentence.

Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).[2] The Guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . .'" *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).[3]

Defendant argues that the § 3553(a) factors demonstrate that he should be released. He notes that he has taken numerous courses while incarcerated, and that

---

[2] *But see United States v. Shkambi*, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that neither the sentencing commission's policy statement nor its commentary are binding on the district court's disposition of an inmate's own motion under § 3582).

[3] The Fifth Circuit has declined to weigh in as to whether the catch-all "other reasons" provision "delegates only to the Bureau of Prisons." *Id.* at 433 n. 4.

he was worked diligently at his job assignment. He contends that he is a low risk for recidivism, and that he would present no threat to any person or the community if released. He notes his good conduct during incarceration and describes his offense as a "non-violent drug crime."

Defendant also argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence. He is currently incarcerated at the federal prison camp in Yazoo City, Mississippi, and he asserts that as of February 14, 2022, there were eleven active cases of COVID-19 among inmates and five active cases among staff. According to the Government, 465 staff and 2,828 out of 3,521 inmates have been fully vaccinated against the virus, and it is undisputed that Defendant is fully vaccinated, having received a first dose on November 15, 2021, and a second dose on December 16, 2021. Defendant generally argues, though, that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility, and that he is at a higher risk of death because he is obese. He also cites his need to care for an elderly mother and young son.

There is no consensus within the federal courts as to the precise definition of an "extraordinary and compelling reason" as contemplated by § 3582(c)(1)(A).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. Even where they have denied release, some courts have assumed that the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release. But

4

      that is certainly not a unanimous approach to every high-risk inmate
with preexisting conditions seeking compassionate release.

*Thompson*, 984 F.3d at 434 (citations omitted). For example, this Court has repeatedly held that the risk posed by the COVID-19 pandemic, even when exacerbated by preexisting medical conditions, does not by itself constitute an "extraordinary and compelling" reason to reduce a sentence. *See, e.g. United States v. McAfee*, 2012 WL 1341865 (S.D. Miss. Apr. 9, 2021). Other courts in this Circuit have held the same. *See United States v. Griffin*, 2021 WL 1267794, at *2 (E.D. La. Apr. 6, 2021); *United States v. Alvarez*, 2021 WL 1270494, at *3-*4 (S.D. Tex. Apr. 6, 2021); *United States v. Gardner*, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021); *United States v. Richard*, 2021 WL 107207, at *2 (S.D. Miss. Jan. 12, 2021); *United States v. Jensen*, 2020 WL 6504670, at *3 (N.D. Tex. Nov. 5, 2020); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Gildner*, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020).

      In short, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020). Moreover, a defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4; *see also Thompson*, 984 F.3d at 435. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot

independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). Accordingly, the Court finds that Defendant's preexisting health conditions and the COVID-19 pandemic do not, by themselves, constitute an extraordinary and compelling reason to reduce his sentence.

The Court also finds that a reduction in sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2). Defendant, an associate of the Black Gangster Disciples street gang, was the primary source of cocaine to a drug trafficking organization in and around Bogalusa, Louisiana. He supplied drugs to a co-conspirator who sold them in the Palmer's Crossing community near Hattiesburg, Mississippi. According to the same co-conspirator, Defendant regularly received 5-9 kilogram quantities of cocaine from August 2012 through mid-February 2014, receiving an estimated 90 kilograms of cocaine over an 18-month period. The investigating agents estimated that Defendant was responsible for distributing 15-50 kilograms of cocaine.[4] These are large quantities, and a reduction in sentence would not accurately reflect the damage that Defendant's drug distribution activities have caused to communities across at least two states, or deter similar criminal conduct in the future.

---

[4] *See* Presentence Investigation Report, *United States v. Edwards*, No. 2:14-CR-5-KS-MTP (S.D. Miss. Sept. 22, 2014), ECF No. 112.

The Court also finds that a reduction in sentence would not sufficiently protect the public from further criminal conduct by Defendant, as he has already demonstrated that he is unwilling to abide by the terms of supervised release. As noted above, Defendant's supervised release in this case was revoked because he was indicted in a separate case on more drug trafficking activity. Defendant has not demonstrated to the Court's satisfaction that he would fare any better if released now.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 984 F.3d at 434-35. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5.

Defendant has a lot of time left to serve. The Court had good reasons to impose a lengthy sentence, which it has articulated in a prior opinion addressing his first motion for compassionate release and in his multiple sentencings. The Court incorporates its prior order denying compassionate release. *See* Order, *United States v. Edwards,* No. 2:14-CR-5-KS-MTP (S.D. Miss. Apr. 14, 2021), ECF No. 170. The BOP's response to the pandemic – outlined in detail in the Government's brief – is

sufficient given the circumstances and logistical issues presented by a prison environment. For all these reasons, the Court **denies** Defendant's Motion for Compassionate Release [40].

SO ORDERED AND ADJUDGED this 15th day of February, 2022.

/s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE